# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NATALIE AND WALTER ABRAMS, AS THE PARENTS OF BABY ABRAMS<br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA AND EMORY HEALTHCARE, INC.<br>    Defendants. | Civil Action File<br><br>No.<br>_____<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT FOR WRONGFUL DEATH

Plaintiffs bring this claim under O.C.G.A. §§ 19-7-1 and 51-4-4 for the wrongful death of their baby ("Baby Abrams") for medical malpractice and shows the following:

## PARTIES AND JURISDICTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C.A §§ 1346(b) and 2671, et seq.,

2. This in an action for the wrongful death of Baby Abrams due to the medical malpractice of Dr. Keila Brown, MD, ("Dr. Brown") committed while she was practicing medicine at Emory University Hospital Midtown, located at 550 Peachtree St NE, Atlanta, GA 30308

3. Dr. Brown, an obstetrician/gynecologist was an employee of West End Medical Centers, Inc., at 868 York Avenue, Atlanta, Georgia 30310. West End Medical Center is a federally supported health facility. The Federally Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C. § 233(g)-(n), provides that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, is the exclusive remedy for injuries, including death, caused by employees of a deemed community health center. As such, The United States of America is liable for all negligent acts and omissions of Dr. Brown.

4. Defendant Emory Healthcare, Inc. owns and operates Emory University Hospital Midtown, and is a Georgia corporation whose principal office address is: 201 Dowman Dr. NE, 102 Administration Bldg., Atlanta, Georgia (hereinafter "Defendant Hospital" or "Hospital"). Service upon this defendant may be accomplished through the registered agent of the corporation: Jane E. Jordan at 201 Dowman Dr. NE, 102 Administration Bldg., Atlanta, Georgia.

5. On or about July 19th, 2013, Form 95 for personal injury/wrongful death was filed on behalf of Mr. and Mrs. Abrams, pursuant to 28 U.S.C.A. § 2401 and 28 U.S.C.A. §§ 2671 to 2680.

6. The Form 95 was acknowledged in correspondence dated August 2, 2013. Plaintiffs subsequently provided all documents requested and no further

information has been requested. While the Government has not rejected Plaintiff's claims, it has been more than six (6) months and Plaintiff's are permitted to file suit.

7. Jurisdiction is proper in this Court because the claim falls under the Federal Tort Claims Act. This Court has supplemental jurisdiction over defendant Hospital.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

9. On April 18, 2012, at approximately 5:47 am, Natalie, age 30, and pregnant at 23 weeks, 6 days, presented to the Emergency Room of the Hospital, complaining of abdominal cramping and vaginal bleeding. She was then sent to Labor & Delivery unit.

10. Natalie was treated by a nurse, identified in the medical records as as S. Bantzler, RN, who is an employee of the Hospital (hereinafter "Hospital Nurse"). Natalie is placed on an electronic fetal monitor ("EFM") which showed 6 minutes of Fetal Heart Tones (FHT) and 35 minutes of abdominal contractions.

11. There is no evidence of a cervical exam conducted by either the Hospital Nurse or by Dr. Brown.

12. On the same day, at 6:54, Dr. Brown was paged by the Nurse. Natalie was discharged, with a diagnosis of cervical incompetence.

13. Dr. Brown never saw Natalie. Natalie specifies that the amount of blood was far more significant than "scant" as described by the nurse.

14. Later that day, at 12:15 pm, Natalie saw her OB/GYN, Dr. Adams. Dr. Adams found she was completely dilated (10cm), with bulging bag of water (BBOW) and at -2 station (fetal lie in the uterus/cervical canal). Dr. Adams documents a fetal heart rate. Dr. Adams sent Natalie to the ER via ambulance.

15. Still later that same day, at 2:05 pm Natalie returned to the Hospital and was admitted to Hospital. She received emergency treatment to prevent further labor and delivery. She was placed on an EFM, and the FHT ranged between 90 and 150. An ultrasound was preformed and the baby was determined to be breach. A neonatologist was also consulted.

16. At 15:55, Natalie's membranes ruptured. At 16:02 a stillborn male baby was delivered vaginally. He weighed 498 grams (1 pound 2 ounces), at 23 weeks 6 days - gestational age.

## COUNT 1

17. Plaintiff incorporates by reference all the allegations contained above.

18. As a physician licensed to practice medicine in the State of Georgia, Dr. Brown

owed a duty to all patients under his treatment and care, including Baby Abrams, to exercise a reasonable degree of care and skill, as under similar conditions and like circumstances, and is ordinarily employed by the medical profession generally. Dr. Brown breached this duty of care, and was negligent or was grossly negligent.

19. Dr. Brown has breached the duty of care to Baby Abrams. Pursuant to O.C.G.A. § 9-11-9.1, Plaintiff attaches the affidavit of Dr. Koren, who avows that Dr. Brown has fallen below the standard of care, and is negligent or grossly negligent, in the following ways:

    a. By complete failure to examine the patient;

    b. By failing to have the nurse conduct any physical examine, failure to take to check Ms. Abram's cervix either visually or by way of ultrasound;

    c. By failure to administer labor delaying medication and cervical cerclage.

20. As a direct and proximate result of the negligence of the Doctor Brown, as set forth hereinabove, and as specified in the attached expert affidavit that Plaintiffs have suffered the wrongful death of Baby Abrams due to the medical malpractice of Dr. Brown and as a result, the Plaintiff is entitled to recover for the full value of said child's life, as shown by the evidence.

21. At all relevant times, Dr. Brown was an employee of West End Medical Centers, Inc., and thereby the United Stated Government. The United States Government is vicariously liable for the negligence of Dr. Brown under the doctrine of respondeat superior.

## COUNT 2

22. Plaintiffs incorporate by reference all the allegations contained above.

23. The Hospital Nurse owed a duty to all patients under their treatment and care, including Baby Abrams, to exercise a reasonable degree of care and skill, as under similar conditions and like circumstances, they are ordinarily employed by the medical profession generally.

24. The Hospital Nurse breached the duty to Baby Abrams. Pursuant to O.C.G.A. § 9-11-9.1, Plaintiff attaches the affidavit of Dr. Koren, who avows the Hospital Nurses breached that duty, and fell below the standard of care and is negligent or grossly negligent, in the following ways:

    a. By failing to check Ms. Abrams' cervix;

    b. By discharging Ms. Abrams without making sure the doctor has seen the patient.

25. As a direct and proximate result of the negligence of the Hospital Nurse and the Hospital, as set forth hereinabove, and as specified in the attached expert affidavit

of Dr. Koren, Plaintiffs have suffered the wrongful death of their child, and a result, Plaintiff is entitled to recover for the full value of said child's life, as shown by the evidence.

26. At all relevant times, the Hospital Nurse was an employee of the Hospital, and was acting within the scope of its agency and or employment.  The Hospital is vicariously liable for the negligence of the Hospital Nurse under the doctrine of respondeat superior.

WHEREFORE, Plaintiffs prays:

(a) That they have a judgment against the Defendants for the full value of the life of this child in an amount to be determined by the jury or trier of fact at the trial of this action in an amount in excess of $10,000;

(b) That they be awarded all damages including but not limited to all general, special, compensatory, economic and other allowable damages.

(c) For the costs and disbursements of this action, and

(d) That the Court grants such other and further relief as is just or proper.

Respectfully submitted,

*/s/ Roger F. Krause, Esq.*
Attorney for Plaintiff
Ga. Bar No. 429285

Krause & Witcher, LLC
1447 Peachtree St., NE, Ste. 414

Atlanta, GA 30309
(T)  404-835-8080
(F)  404-872-2871

            *s/Joseph H. King, Jr.*
            Attorney for Plaintiff
            Ga. Bar No. 420950

Joseph H. King, Jr., P.C.
2852 Piedmont Rd., N.E.
Atlanta, GA 30305
(T) 404-892-4444
(F) 404-949-0260
king8116@bellsouth.net


Pursuant to LR 5.1 ND. Ga, counsel for plaintiff hereby certifies that the forgoing has been prepared in size 14 new times font.

            */s/ Roger F. Krause, Esq.*
            Attorney for Plaintiff
            Ga. Bar No. 429285

Krause & Witcher, LLC
1447 Peachtree St., NE, Ste. 414
Atlanta, GA 30309
(T)  404-835-8080
(F)  404-872-2871


z:\1matters\7019 kennebrew\20\02 word\2014.04.16.complaint.doc